Counsel, you may now proceed. Thank you. Wiley-Driscoll, on behalf of Appellant Dr. Marshall Flam. Counsel, could I ask you to speak closer to the podium? Sure. Bring the microphone down. Okay. That's better. Okay. Opposing counsel and I both agree that this case has been thoroughly briefed. It's a simple question, so hopefully I can be short here and save the Court some  As the Court's aware, the Ninth Circuit has not yet decided whether or not magistrate to decide, issue final orders in cases, remanding cases back to State court. Has any circuit included that the magistrate judge has that authority? No. Only four circuits have addressed the question. The Second, Third, Sixth, and Tenth, and all have uniformly decided that magistrates do not have that authority. So why should we buck the trend? Precisely. That pretty much sums up our argument. This case was removed by my client on the basis that his assertion that it arose under ERISA and was preempted by ERISA. When the appellee, Mrs. Flam, filed her remand motion, the magistrate judge signed to the case, just issued a final order, certified it to the State court, someone unbeknownst to us. We filed objections and a request for reconsideration, and the district judge refused to review the matter based solely on his contention that the review was barred under 1447d. And the four appellate cases that have addressed the issue, as set forth in our brief, have all uniformly held two points in that regard. First, that review is not barred by 1447d because the review is not as of the merits of the remand order, it is strictly whether or not the magistrate judge had any authority to issue it in the first place. So it's a question of an unauthorized order, a magistrate exceeding his authority as opposed to the merits or whether the order was legally flawed. And the second point is that the four other circuits that have addressed the issue have all held that magistrates do not have the authority under the Magistrates Act because a remand order is the functional equivalent of an involuntary The reasoning is that, and I think all four circuit courts have employed the same reasoning, and that is that it's the same as if a plaintiff improvidently files a case in Federal court on the outset and it's dismissed for lack of subject matter, jurisdiction, or any other number of reasons. grounds for involuntary dismissal, those motions are uniformly held without or outside a magistrate's authority, yet for some reason if the defendant improperly removes the matter and it's remanded, there's some district courts that have decided that that for some reason is not an involuntary dismissal and it's a nondispositive motion, and there doesn't appear to be any logic for that distinction, and the four circuit courts that have addressed the issue have pointed that out. Scalia, what about us? Do we have jurisdiction here? I believe so, and based on the same reasoning that the other circuits have employed, is that there's no 1447d bar for the same reason that I've stated. This Court is not reviewing the merits of the magistrate judge's remand order. It's simply reviewing whether or not the judge had, the magistrate had authority to issue the order in the first place, and also the district court judge's determination that he could not review the order. And that's set forth in length. What does Thermtron tell us? The Thermtron case? Excuse me. Thermtron is out of the ninth, I believe, but I don't know. Oh, yes, that's where it was said that only remand specified in 1447c are immune for review under 1447d, but a magistrate judge issued remand is not proper. It's not a proper remand order under 1447d. It's an unauthorized order, so the bar doesn't apply. Finally, I would say that insofar as the Court would be inclined to agree with its sister circuits, the remedy in all four other cases in all four other circuits was to remand the matter back to the district court judge for him to conduct the de novo review specified under Section 636 sub b1c, and that's all we're asking for in this case. And I'll reserve whatever time I have remaining for any further comment. Roberts. Very well, counsel. Thank you. We'll hear from the other side. Good morning, Your Honors. Bill Ryden, Jaffe and Clemens. I represent Laura Flam, who was the former wife of Dr. Flam in a divorce proceeding that took place in Fresno. I think both sides have briefed the issue. I don't have a lot more to say. The only thing I would say beyond the brief is that this was a matter that did start in State court. It started as an action between former spouses in a divorce case to deal with a community property issue relating to the husband's interest in a pension plan. That's where it started. And so I understand, you know, and I've read enough of the law. I'm a specialist in family law. This is my first attempt at Federal court. We don't get many cases where the same names on both sides are versus. Exactly. Exactly. So I'm a little out of my league on this one, but as I understand it, it's a de novo sort of what is the Ninth Circuit going to do with this kind of issue, because from what I have read, yes, there are Fourth Circuit courts that have opined on the matter, but there are district courts that have opined the other way. In fact, I read an article recently before I came up here, it's not cited in any of the papers, by somebody in the Seton Hall Law Journal where they framed the issue and they give arguments as to, you know, why the fact that it's not specifically precluded under the Federal statute as to why this is something a magistrate can do under his authority. But what would be your strongest argument to that effect? In other words, that we should ignore the Four Circuits but follow one of the district courts? I suspect I would have two arguments. One, and again, this goes more to the substantive part of it, is it started in State court, it relates to State action. So when, in fact, the Federal court in this case, magistrate said, you know, we're removing or we're remanding it back to the State court, there is an opportunity. Dr. Flam has not been precluded from asserting, you know, whatever defenses claims he might have relating to the fiduciary duty, you know, between spouses. So he's not out. It's not like a case where somebody has filed in Federal court, it's been dismissed, and perhaps that is the only jurisdiction that happens. This case got to the Federal court, I mean, I believe improperly in the sense that I think the allegation was that this was an action by Laura Flam against the pension, and it wasn't. It was against her former spouse for things he had done. So the answer to the first part of the question is, yes, you know, he's not out. So this is a nondispositive in the sense that he is back in State court. But it's dispositive so far as the Federal court's concerned. That's true. That's true. But should the Federal court have had it in the first place? That's my point, is that from a subject matter jurisdiction. But, I mean, the Chief Judge Ishii, of course, if we remanded to him, could, for the very reasons you indicated, decide to remand. I mean, that's not the issue. That's what I'm saying. Yeah, that's not the issue before us. Yeah. No, no, no. I understand that, and I understand that. I'm sort of, I think my client is here in somewhat of an awkward position, because as I understand it, if this Court agrees that, you know, and again, I'm not sure what every Federal, what every circuit judge is doing in the Ninth Circuit, but I'm guessing that, and this gets to the second point, I think, why should you deny their appeal, is that perhaps, you know, they have determined that, you know, magistrates do have this authority. These are nondispositive. Specifically, I would argue this case is factually one of those where, where, whatever the rule is, you know, when you're talking about a community property issue in a family law case, and we're in Federal court, that's different and distinguishable. But again, I think Laura Flanagan is in the same position, in that you're either going to deny the appeal, in which case you'll figure out how you're going to handle what a magistrate can and can't do, and if it goes back, they're going to, you know, they may end up back in State court anyway. So you're right. You know, I'm not sure she's affected at the end of the day. The effect to her has been, this has gone on for a couple of years now. The case has been hijacked from her perspective. We're on a detour that's turned out to be pretty lengthy. And considering it started back in 2001, it's probably the longest family law case that I've had some connection with. But the second part of it is, is, is, you know, and I think this is where this Court comes into play, is that, you know, how much authority do you give a magistrate, and is this one of those areas that this Court's going to decide that that magistrate doesn't have the authority to do the remand type of order? Of course, that's a matter of statutory construction, right? Yeah. Yeah. Yes. Okay. So, so, again, you know, I'm not sure from our point of view, you know, we're going to get a result one way or the other, and maybe it's going to happen fast, but you're going to have to make a decision. Are you going to follow these other courts or figure out what you're doing within the district? So it's your call. All right. Thank you, counsel. Thank you. Mr. Driscoll, do you have anything further? I have a question. What do you foresee? Suppose we rule that we have to reverse and remand. Then what happens? Well, then I would hope that it would get before Judge Yashin, he would take a de novo review of our objections and our request for reconsideration, which is in the record. I think there's definitely merit to the claims that the matter is preempted by ERISA. Otherwise, we wouldn't have filed this appeal. I can't guess what way he's going to decide, one way or the other, but obviously the issue before the court is who makes that decision, the ultimate decision, whether it's going to be a magistrate or a district judge. And I should note, I didn't say this earlier, but I should note my practice, at least in the Eastern District, where I spend most of my practice, it's already basically the procedure that this is done. There's almost a standardized footnote that the magistrates use noting the four circuit courts have decided one way, various other district courts have decided the other, but out of abundance of precaution, this magistrate is going to proceed under recommendations and recommended findings, and they do that. So as a practical matter, at least in my district, not a lot is going to change. It's just whether or not we're going to resolve this split. But you'll have a second shot. That's true. That's true. I would give it another shot of review of the remand order. And if the district judge would decide the same thing the magistrate judge did to remand, would there be any right to appeal at that point? No, because then I think you're back to where you have a valid remand order, and then 1447d bars that. And I don't have anything further. If there's no questions, I'll submit the matter. No further questions. Thank you. Thank you, counsel. The case just argued will be submitted for decision.
judges: Rakoff, O'scannlain, Clifton